true, the State of Kansas, as well as several other frontier states, would be speckled and spotted all over, like the patriarch's flocks, with reservations exempt from state jurisdiction without the consent of the state legislature, with no warrant for the anomalous existence except perhaps an order from the war department and actual occupation for military purposes.

We know that in many cases throughout the west, such fort reserves have, with the progress of settlement, become unnecessary and been abandoned.

It is only in a comparatively few instances, where extensive and permanent government establishments were contemplated, that it has been deemed necessary or expedient to acquire jurisdiction to the exclusion of that of the state.

The judgment of the court below must stand affirmed.

All the justices concurring.

---

PETER TROSPER v. O. C. HORR, Adm'r.

*Error from Marshall County.*

Decision in *Renter* v. *Bauer* [3 Kas., 503], that the act of Feb. 27, '60 [L. '60, p. 172, § 22], repealed the provisions of the act of Feb. 3, 1859, relating to executors and administrators [Comp. L., 546, § 232, et. seq.], and the act of '60 was repealed by the act of March 6, '62 [Comp. L., 81], confirmed, to the effect that an appeal from probate court to district court was not authorized.

The plaintiff in error, Trosper, sued the administrator in probate court, to enforce the specific performance of

a contract of the decedent, and obtained a decree of the probate court in his favor. The administrator appealed to the district court of the county, and a new petition was filed. The plaintiff in error moved a dismissal of the appeal, and filed an answer, which motion was overruled, and plaintiff in error appeals to this court.

*J. D. Brumbaugh*, for plaintiff in error, referred to the case already decided by this court: Renter *v.* Bauer, 3 Kas., 503.

No attorney for defense.

*Per curiam*, KINGMAN, C. J.

This was an appeal from the probate court to the district court, in October, 1865. A motion to dismiss was made and overruled. The motion should have been sustained, for reasons fully stated in the case of Renter *v.* Bauer, 3 Kas., 504. The order of the court overruling the motion to dismiss is reversed, and the cause sent back, with instructions to dismiss the appeal.

All the justices concurring.

---

GEORGE HUNT, Appellant, *v.* THE STATE OF KANSAS, Appellee.

*Criminal Appeal from Miami County.*

Where one member of the "United Tribes" (Kaskaskias, Peorias, Piankeshaws and Wea Indians) killed another member, the record failing to